UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH RUIZ, as mother and natural guardian of ERIN ARTIS, and ELIZABETH RUIZ, Individually, Plaintiffs, v. THE UNITED STATES OF AMERICA Defendant. | ) ) ) ) ) ) ) ) CIVIL ACTION NO.: ) ) ) |

**COMPLAINT**    MAGISTRATE JUDGE Alexander

NOW COME the Plaintiffs, ELIZABETH RUIZ, individually and on behalf of ERIN ARTIS as her mother and natural guardian and states the following:

1. The Plaintiffs bring this action for claims of medical malpractice resulting in permanent harm to the minor, Erin Artis.

2. Pursuant to 28 U.S.C. § 2675, a proper and timely notice of claim related to the matters alleged herein was filed with the appropriate agency of the United States of America ("United States"), the Department of Health and Human Services, with receipt being acknowledged by the claims branch. The six month time period subsequent thereto within which the United States may not be sued has elapsed and the United States has failed to accept, reject or otherwise act on the claim.

3. These events, actions, omissions and negligence which give rise to the causes of action herein all occurred within the Eastern District of Massachusetts. The plaintiffs are both citizens of Massachusetts and residents of the Eastern District of Massachusetts. This action is brought as a Federal Tort Claim against the United States as a consequence of certain acts, omissions and negligence of South Boston Community Health Center, and its employees, including Virginia Fitzgerald, M.D., Neil Beneck, M.D., Richard LaSpina, M.D., Kathryn

- 1 -

RECEIPT # 59173
AMOUNT $ 150 —
SUMMONS ISSUED 2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 10-6-04

Quinn, M.D., Charles Mills, M.D., John Doe, M.D. (signature illegible), Jane Roe, M.D. (signature illegible) and Jane Moe, R.N. (signature illegible), who, at all times relevant were citizens of Massachusetts.

4. Boston Community Health Center was, at all times relevant hereto receiving funds from the Department of Health and Human Services which afforded vicarious tort liability on the part of the United States for the professional negligence of the employees of the grantee clinic. At all times relevant, Virginia Fitzgerald, M.D., Neil Beneck, M.D., Richard LaSpina, M.D., Kathryn Quinn, M.D., Charles Mills, M.D., John Doe, M.D. (signature illegible), Jane Roe, M.D. (signature illegible) and Jane Moe, R.N. (signature illegible) were employees or contractors of South Boston Community Health Center, and as such were agents, servants or employees of the United States and were acting in the course and within the scope of their agency, service or employment with the United States.

5. The United States, acting through the Claims Branch of the Department of Health and Human Services has certified to Plaintiff's counsel that South Boston Community Health Center was deemed eligible for Federal Tort Claims Act coverage September 12, 2002.

## FACTUAL BACKGROUND

6. Erin, then four years old, had the onset of cough January 22, 2003, presumably from viral upper respiratory infection. On February 6, 2003, she had wheezing which was attributed to a history of asthma, which is a false assumption made by a nurse (signature illegible). From that time on, without benefit of any examination to confirm this diagnosis, Erin was treated with various medications for asthma. In fact, Erin's symptoms were caused not by asthma, but by a coin which she swallowed which, due to the lapse of time, had eroded through her esophagus and into her chest. She now has an esophageal stricture which will require further treatment, including surgery. Each of the medical providers listed in the previous paragraphs, at one time or another, negligently attributed Erin's cough and wheezing to asthma, thus not discovering the true cause of her symptoms in a timely manner.

## COUNT 1
### Negligence

7. The Plaintiffs hereby adopt and incorporate by reference in this count the allegations contained in paragraphs 1 through 6 above.

8. In their care of Erin Artis, Defendant's agents, servants or employees failed to exercise th3e skill, care and diligence as expected and required by reasonable and prudent members of their profession generally in like and similar circumstances.

9. Defendant's agents, servants or employees failed to meet the required standard of care in their treatment of Erin Artis by their actions and omission in their diagnosis, care and treatment of Erin Artis.

10. As a direct and proximate result of Defendant's agents, servants or employees, Erin Artis sustained injuries, including but not limited to expense for surgical and medical care, pain and suffering.

WHEREFORE, the plaintiffs pray judgment against the defendant in a fair and reasonable amount, plus interests and costs.

## COUNT II
### Loss of Consortium

11. The Plaintiffs hereby adopt and incorporate by reference in this count the allegations contained in paragraphs 1 through 10 above.

12. a direct and proximate result of Defendant's agents, servants or employees, Plaintiff Elizabeth Ruiz was deprived, and will in the future be deprived of the consortium, society and companionship of her daughter, Erin Artis.

WHEREFORE, Plaintiff Elizabeth Ruiz demands judgment against the defendant in such an amount as a jury may deem proper, plus interest and costs.

## JURY DEMAND

The Plaintiffs hereby demand a jury trial on all counts.

The Plaintiffs,
By their attorneys,

_____
Barry D. Lang, Esq.
BBO # 565438
Barry D. Lang, M.D. & Associates
1 State Street, Suite 1050
Boston, MA 02109
(617) 720-0176

_____
Zachary B. Lang, Esq.
BBO # 652055
Barry D. Lang, M.D. & Associates
1 State Street, Suite 1050
Boston, MA 02109
(617) 720-0176

Dated: October 4, 2004