IN THE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH RUIZ, as mother and natural guardian of ERIN ARTIS, and ELIZABETH RUIZ, individually,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | CASE NO.: 1:04CV12119-PBS<br><br>**DEFENDANT UNITED STATES'**<br>**ANSWER TO COMPLAINT** |

The defendant, United States of America ("United States"), responds to the Complaint of plaintiffs, Elizabeth Ruiz, as mother and natural guardian of Erin Artis, and Erin Artis, individually ("Plaintiffs"), as follows:

    1.    Defendant has insufficient information to form a belief as to the truth of the averments in paragraph 1 of plaintiffs' complaint. Insofar as a response is deemed required, deny.

    2.    Defendant admits that an administrative claim was received by the U.S. Department of Health and Human Services on or about March 16, 2004, and that the agency statutory period for review has elapsed.

    3.    The first sentence of paragraph 3 of plaintiffs' complaint contains jurisdictional allegations to which no response is required. The second sentence contains residency allegations to which defendant lacks sufficient information to form a response, and is therefore denied. Defendant admits that South Boston Community Health Center ("SBCHC") was deemed eligible for coverage under the Federal Tort Claims Act on September 12, 2002, pursuant to the Federally Supported Health Care Centers Assistance Act. Defendant further admits that Virginia Fitzgerald, M.D., Neil Beneck, M.D., Kathryn Quinn, M.D., and Charles Mills, M.D. all were

employees of SBCHC during the events giving rise to this claim. Any and all allegations of paragraph 3 of plaintiffs' compliant not specifically admitted herein are denied.

4. Defendant admits that SBCHC and its employees were deemed eligible for coverage under the FTCA on September 15, 2002 and that Drs. Quinn, Mills, Beneck and Fitzgerald were employees of SBCHC acting within the scope of their employment at all times relevant to the Complaint. Any other allegations contained in paragraph 4 of plaintiffs' complaint that are not specifically admitted herein are denied.

5. Defendant admits that SBCGC and its employees were deemed eligible for coverage under the FTCA on September 15, 2002.

## FACTUAL BACKGROUND

6. Defendant admits the allegations contained in the first sentence of paragraph 6 of plaintiffs' Complaint as it contains facts submitted in the medical records. The second sentence of paragraph 6 of plaintiffs' Complaint contains allegations to which defendant lacks sufficient information to form a response and is therefore denied. The third sentence of paragraph 6 of plaintiffs' complaint contains allegations to which defendant lacks sufficient information to form a response, and is therefore denied. The fourth sentence of paragraph 6 of plaintiffs' complaint contains allegations to which defendant lacks sufficient information to form a response, and is therefore denied. The fifth sentence of paragraph 6 of plaintiffs' complaint contains allegations to which defendant lacks sufficient information to form a response, and is therefore denied. The sixth sentence of plaintiffs' complaint contains allegations to which defendant lacks sufficient information to form a response, and is therefore denied.

**COUNT I**

**Negligence**

7.  Defendant repeats and realleges its previous responses to the allegations contained in plaintiffs' complaint above.

8.  Defendant denies the allegations contained in paragraph 8 of plaintiffs' complaint.

9.  Defendant denies the allegations contained in paragraph 9 of plaintiffs' complaint

10. Defendant denies the allegations contained in paragraph 10 of plaintiffs' complaint.

The paragraph immediately following paragraph 10 of plaintiffs' Complaint and beginning with the word "WHEREFORE" constitutes a prayer for relief and/or demand for judgment, to which no response is required. To the extent a response is required, defendant denies the allegations contained therein.

**COUNT II**

**Loss of Consortium**

11. Defendant repeats and realleges its previous responses to the allegations contained in plaintiffs' complaint above.

12. Defendant denies the allegations contained in paragraph 12 of plaintiffs' complaint.

The paragraph immediately following paragraph 12 of plaintiffs' Complaint and beginning with the word "WHEREFORE" constitutes a prayer for relief and/or demand for

judgment, to which no response is required. To the extent a response is required, the United States denies the allegations contained therein.

This unnumbered paragraph contains the plaintiffs' prayer for judgment, interests, costs, and attorneys' fees and as such requires no response, but insofar as a response is required, defendant denies the allegations.

## JURY DEMAND

This unnumbered paragraph contains a demand for a jury trial on all counts of this case to which no response is required. Defendant states affirmatively that plaintiffs are not entitled to a trial by jury under the FTCA. 28 U.S.C. § 2402.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Attorneys' fees are taken out of any judgment or settlement and are governed by statute. 28 U.S.C. § 2678.

### SECOND AFFIRMATIVE DEFENSE

The United States does not pay pre-judgment interest. 28 U.S.C. § 2674.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs are limited to $2,500,000.00 in damages, the amount set out in their administrative claim. 28 U.S.C. § 2675(b).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that it has, or may have, additional affirmative defenses which are not know to defendant at this time, but which may be asserted through discovery. Defendant specifically preserves these and other affirmative defenses as they are ascertained through discovery.

## SIXTH AFFIRMATIVE DEFENSE

In the event defendant is found negligent, which negligence defendant denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by plaintiffs.

                Respectfully submitted,

                By its attorney,

                MICHAEL J. SULLIVAN
                United States Attorney

                /s/Gina Walcott-Torres
By:   Gina Walcott-Torres
       Assistant U.S. Attorney
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3369

Dated: 6 January 2005